**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE INC., | : |
| | : Civil Case No. 10-5729 (FSH) (PS) |
| Plaintiff, | : |
| | : **ORDER** |
| v. | : |
| | : August 31, 2011 |
| ACCREDITED MEDICAL LLC *et al.,* | : |
| | : |
| Defendants. | : |
| | : |

**HOCHBERG, District Judge:**

This matter coming before the Court upon Magistrate Judge Shwartz's June 3, 2011 Report and Recommendation recommending that the Court strike the answer of Accredited Medical LLC ("Accredited") and Jennifer Burkner ("Defendants"),[1] "direct the Clerk to enter default pursuant to Fed. R. Civ. P. 55, and permit the plaintiff to file a motion for default judgment, pursuant to Fed. R. Civ. P. 16 and/or 41," because of Defendants failure to appear at a series of hearings and failure to serve discovery; and

it appearing that on April 29, 2011, Magistrate Judge Shwartz ordered Defendants to appear at a hearing on May 12, 2011 and specifically warned Defendants that failure to appear would be deemed consent to a motion to withdraw filed by their counsel "and a decision not to defend this case" and that if Defendants failed to appear Judge Shwartz would "recommend to

---

[1] This action was stayed as against defendant Muhammed Khan on May 6, 2011 in response to an involuntary petition for bankruptcy filed as to Mr. Khan.  Accordingly, references to Defendants herein shall refer only to Accredited and Ms. Burkner.

1

the United States District Judge that their Answers be struck and . . . default be entered and that

plaintiff be provided leave to file a motion for default judgment;" and

it appearing that Defendants failed to appear at the May 12, 2011 hearing; and

it appearing that on May 12, 2011, Magistrate Judge Shwartz ordered Defendants to show

cause on June 2, 2011 why sanctions should not be imposed against them "including a

recommendation that the United States District Judge strike their Answer and direct the Clerk to

enter default . . . and permit the plaintiff to file a motion for default judgment;" and

it appearing that the May 12, 2011 Order warned Defendants that "[f]ailure to appear at

the June 2, 2011 hearing will be construed as a lack of opposition to such a recommendation and

same will be recommended;" and

it appearing that the May 12, 2011 Order was served on Defendants by regular and

certified mail, return receipt requested, on May 13, 2011 by plaintiff; and

it appearing that Defendants failed to appear at the June 2, 2011 hearing; and

it appearing that the Report and Recommendation was issued on June 3, 2011 and

allowed the parties 14 days from the date they were served with the Report and Recommendation

to file objections; and

it appearing that the Report and Recommendation was served on Defendants by regular

and certified mail, return receipt requested, on June 3, 2011 by plaintiff; and

it appearing that no objections to the Report and Recommendation have been filed and

that more than 14 days have passed; and

the Court having reviewed *de novo* the Report and Recommendation, and good cause

appearing;

2

**IT IS** on this 31st day of August, 2011,

**ORDERED** that Magistrate Judge Shwartz's June 3, 2011 Report and Recommendation is adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Court hereby strikes the answer of Accredited and Ms. Burkner.  The Clerk of the Court is directed to enter default against Accredited and Ms. Burkner.  Plaintiff is granted leave to file a motion for default judgment against Accredited and Ms. Burkner and is directed to do so within 30 days of the date of this order.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

3