**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE INC., : | |
| : | Civil Case No. 10-5729 (FSH) (PS) |
| Plaintiff, : | |
| : | **ORDER** |
| v. : | |
| : | December 16, 2011 |
| ACCREDITED MEDICAL LLC *et al.,* : | |
| : | |
| Defendants. : | |

**HOCHBERG, District Judge:**

    This matter comes before the Court upon plaintiff's motion for default judgment against defendants Accredited Medical LLC ("Accredited") and Jennifer Burkner ("Defendants")[1] pursuant to Fed. R. Civ. P. 55(b)(2); and

    it appearing that on August 31, 2011, the Court adopted a June 3, 2011 Report and Recommendation issued by Magistrate Judge Shwartz, struck the answer of Accredited and Ms. Burkner, and directed the Clerk of the Court to enter default against Accredited and Ms. Burkner; and

    it appearing that plaintiff having filed the instant action against defendants on November 3, 2010, alleging that defendants had breached their obligations under the license agreement between the parties and that the license agreement had been prematurely terminated and alleging

---

[1] This action was stayed as against defendant Muhammed Khan on May 6, 2011 in response to an involuntary petition for bankruptcy filed as to Mr. Khan. Accordingly, references to Defendants herein shall refer only to Accredited and Ms. Burkner.

that Ms. Burkner had breached a personal guaranty; and this Court having directed the Clerk of the Court to enter default against Defendants; and entry of default having been entered against Defendants on August 31, 2011 and plaintiff seeking damages in the form of recurring fees, liquidated damages, prejudgment interest, and attorney's fees and costs as a result of the breach and premature termination of the licensing agreement between plaintiff and Defendants and as a result of the breach of the guaranty between plaintiff and Ms. Burkner; and plaintiff's submissions having been considered pursuant to Fed. R. Civ. P. 78; and

it appearing that plaintiff seeks liquidated damages based on the premature termination of the license agreement in an amount equal to $1,000 times the number of rooms (202) plus $1,000 for breach of a related satellite services agreement for a total of $203,000; and

it appearing that plaintiff has not adduced sufficient proofs that the provision requiring the liquidated damages to be $1,000 multiplied by the number of guest rooms is reasonable;[2] and

it appearing that plaintiff is capable of calculating its damages based on the average recurring fees for the periods during which the hotel operated; and

---

[2] A liquidated damages clause is valid under New Jersey law only if it is reasonable. *Wasserman's Inc. v. Middletown*, 137 N.J. 238, 249 (1994). To determine whether the provision is reasonable, the Court shall consider whether the amount is a reasonable forecast of just compensation for the harm that is caused by the breach and whether that harm is "incapable or very difficult of accurate estimate." *Id.* at 250. Plaintiff has not provided sufficient proof that the liquidated damage provision requiring the Defendants to pay no less than $1,000 per guest room is a reasonable forecast of damages. During the three months for which plaintiff has provided complete, non-estimated monthly fee information, excluding an apparent one-time charge for extra equipment, the average fees for the hotel were $1947 per month. Thus, plaintiff has not established that the provision bears a sufficiently reasonable relationship to the pecuniary harm the plaintiff would have likely suffered in the event of a breach. *See Howard Johnson Int'l Inc. v. HBS Family, Inc.*, 1998 WL 411334, at *8 (S.D.N.Y. 1998) (holding that a liquidated damages provision of $2,000 was an impermissible penalty because it was not related to the potential pecuniary harm).

it therefore appearing that the liquidated damages clause is not reasonable in this case;

**IT IS** on this 16th day of December, 2007

**ORDERED** that plaintiff has judgment against Defendants jointly and severally, in the total amount of $60,490.03, consisting of $49,588.85 in recurring fees and prejudgment interest and $10,901.18 in attorneys' fees and costs, plus an amount to be proven by plaintiff in accordance with this order comprised of the following:

(a) judgment for liquidated damages against Defendants in the amount of the average recurring fees, as defined by the agreement, since the opening date of the facility multiplied by 24 months, including payment of plaintiff's applicable taxes, plus prejudgement interest;

**ORDERED** that beyond the date of this final judgment and order, post-judgment interest with respect to the total amount of this final judgment and order will continue to accrue at the rate allowed by law until the judgment is paid in full; and it is further

**ORDERED** that no later than January 9, 2012 defendants shall provide this Court with a reasonable calculation for liquidated damages based on the average monthly recurring fees, as defined by the agreement, since the opening date of the facility multiplied by 24 months, including payment of plaintiff's applicable taxes, plus prejudgment interest.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.